UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
------------------------------------------------------------------------X  
TERENCE C. POWELL,

                              Plaintiff,

        -against-

N.Y. STATE UNIFIED COURT SYSTEM, LAB CORP.,  
NATIONAL GRID, IBEW LOCAL 1049,  
MR. & MRS. KEVIN NAPIER,

                             Defendants.  
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**  
22-CV-7458 (JMA) (SIL)

FILED  
CLERK  
4:19 pm, Jan 10, 2023  
U.S. DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

    Before the Court is the application to proceed *in forma pauperis* filed by Terence C. Powell ("Plaintiff") filed together with his *pro se* complaint. (*See* ECF Nos. 1-2.) For the reasons that follow, the application to proceed *in forma pauperis* is denied and Plaintiff is ordered to remit the $402.00 filing fee within fourteen (14) days in order for this case to proceed.

    To qualify for *in forma pauperis* status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed *in forma pauperis* is to ensure that indigent persons have equal access to the judicial system. *Davis v. NYC Dept. of Educ.*, 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing *Gregory v. NYC Health & Hospitals Corp.*, 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for *in forma pauperis* status is within the discretion of the district court. *DiGianni v. Pearson Educ.*, 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing *Choi v. Chemical Bank*, 939 F. Supp. 304, 308 (S.D.N.Y.

1996)). The court may dismiss a case brought by a plaintiff requesting to proceed *in forma pauperis* if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff's application makes clear that he can remit the $402 filing fee and still provide himself with the necessities of life. *See* Docket Entry No. 2. Plaintiff reports that he is employed and earns bi-weekly gross wages in the sum of $2,300.00 and that he has not received any income from any other source in the past 12 months. *Id*. ¶¶ 2-3. Plaintiff reports having $150 in cash or in an account and no debts or financial obligations. *Id*. ¶¶ 4, 8. In the space that asks for any items owned of value, Plaintiff only reports owning a car. *Id*. ¶ 5. Curiously, although Plaintiff reports owning a car, he includes no regular monthly expenses associated therewith such as insurance or gasoline. *Id*. ¶¶ 5-6. As for expenses, Plaintiff reports that he spends $200.00 in regular monthly expenses but does not disclose what the expenses are for. *Id*. ¶ 6. Although Plaintiff includes a residential address in Cambria Heights, New York, and a telephone number in his complaint, he provides no expenses associated therewith. Compl. Docket Entry No. 1, ¶ 1.A, IFP App., Docket Entry 2, *in toto*. Plaintiff further reports having a son who is dependent upon him for support and reports contributing $250.00 bi-weekly towards that support. *Id*. ¶ 7.

Given that Plaintiff's reported income significantly exceeds his reported expenses, the Court finds him disqualified for *in forma pauperis* status. Indeed, in the absence of any expenses for necessities such as shelter, utilities, food, and transportation, it appears that Plaintiff is supported by another. *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'").

Accordingly, the application to proceed *in forma pauperis* is denied. *Id.* ("If it appears

that an applicant's access to [ ] court has not been blocked by his financial condition; rather [that] he is merely in the position of having to weigh the financial constraints posed if he pursues [his position] against the merits of his case, then a court properly exercises its discretion to deny the application.") (internal quotation marks and citation omitted).  **Plaintiff must remit the $402.00 filing fee within fourteen (14) days of the date of this Order.  If Plaintiff does not timely comply with this Order, the Court may dismiss the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

However, Plaintiff is warned that, once paid, there are no refunds of the filing fee regardless of the outcome of the case.  Accordingly, Plaintiff is well-advised to consider the merit of his claims as well as any threshold issues such as any procedural bars to re-litigation of issues already addressed and decided by this Court under Docket Number 17-CV-3632, and which have been affirmed on appeal.  *See Powell v. Lab Corp., et al.*, 789 F. App'x 237 (2d Cir. Oct. 4, 2019) (summary order).  Plaintiff is encouraged to avail himself of the free resources provided by the Pro Se Legal Assistance Program run by Hofstra Law School and may reach them by telephone at 631-297-2575 or by e-mail: PSLAP@hofstra.edu.

Plaintiff is cautioned that Federal Rule of Civil Procedure applies to *pro se* litigants who pursue frivolous litigation "for any improper purpose[] such as to harass. . . ."  Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief . . . [that] (1) it is not being presented for any improper purpose . . .; (2) the claims [] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support . . . .").  Indeed, should Plaintiff remit the fee, the

3

Court may order Plaintiff to show cause why the complaint has not violated Federal Rule of Civil Procedure 11(b).  *See* Fed. R. Civ. P. 11(c)(3).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal *in forma pauperis*, such status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of the Court shall mail a copy of this Order to the Plaintiff at his address of record.

**SO ORDERED**.

Dated:   January 10, 2023                        /s/ (JMA)
         Central Islip, New York      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE

4