UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TERENCE C. POWELL,

                          Plaintiff,

        -against-

N.Y. STATE UNIFIED COURT SYSTEM, LAB CORP.,
NATIONAL GRID, IBEW LOCAL 1049,
MR. & MRS. KEVIN NAPIER,

                         Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
22-CV-7458 (JMA) (SIL)

FILED
CLERK

11:21 am, Mar 26, 2024

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

For the reasons set forth below, the Court grants the pending motions to dismiss filed by four defendants, denies Plaintiff's motion for default judgment, dismisses the claims against the remaining two defendants, and imposes a filing injunction on Plaintiff.

## I. BACKGROUND

The Court assumes the parties' familiarity with the Court's March 14, 2023 Order to Show Cause (the "OTSC"), ECF No. 16, and the related case that pro se Plaintiff Terence Powell filed in 2017, see Powell v. Lab Corp., No. 17-CV-3632 (E.D.N.Y.) (hereinafter, the "2017 Action"). The instant case (the "2022 Action") and the 2017 Action name the same parties as defendants: the New York State Unified Court System ("NYSUCS"), National Grid, Lab Corp, IBEW Local 1049 (the "Union"), and Mr. and Mrs. Kevin Napier (the "Napiers"), who are proceeding pro se. In an order dated December 27, 2018, the Court dismissed all of Plaintiff's claims in the 2017 Action with prejudice except for state law claims against the Union which were dismissed without prejudice. Powell v. Lab Corp., No. 17-CV-3632, 2018 WL 6814371 (E.D.N.Y. Dec. 27, 2018) (hereinafter "December 2018 Order"), aff'd, 789 F. App'x 237 (2d Cir. 2019). Familiarity with the 2017 Action, including the December 2018 Order and Second Circuit's decision affirming that

order is assumed.

Plaintiff paid the filing fee for the 2022 Action and is not proceeding *in forma pauperis*. In the 2022 Action, the Court issued the OTSC, which directed Plaintiff to show cause: (i) why his present complaint (the "2022 Complaint) does not run afoul of Federal Rule of Civil Procedure 11(b)(1)-(2); and (ii) why the Court should not enter a filing injunction that precludes Plaintiff from filing any action in federal court against the Napiers or any other Defendants named in this action or in Docket Number 17-CV-3632 related to Plaintiff's paternity claims unless he first receives leave of the Court.  The OTSC explained that "[g]iven Plaintiff's decision to pursue this complaint brought against all the same Defendants named in the 2017 complaint and alleging claims that were already held to be barred by the applicable statute of limitations or were not otherwise cognizable, it appears that Plaintiff is presenting this complaint for an improper purpose such as to harass the Defendants."  (OTSC at 2.)  The OTSC directed Plaintiff to file a written response that: (1) "make[s] clear how the present complaint is different from the claims already analyzed and dismissed by this Court and affirmed by the Second Circuit Court of Appeals"; and (2) "provide[s] nonfrivolous legal and factual support for each of his claims alleged in the present complaint, against each Defendant, including why he has a good faith belief that he is not bound by the prior decisions of the Eastern District, the Second Circuit and the prior Family Court decisions."  (OTSC at 3.)

Also pending before the Court are motions to dismiss filed by NYSUCS, National Grid, and the Napiers, as well as a motion for default judgment Plaintiff filed against Lab Corp and the Union, neither of which have appeared in the 2022 Action.  (ECF Nos. 10, 15, 18, 22-23.)

Plaintiff filed a response to the OTSC and to the motions to dismiss on March 31, 2023.

(ECF No. 20 (hereinafter, "Plaintiff's Response").)

The 2022 Complaint contains a handful of factual allegations, almost every one of which appears to concern an eviction proceeding against Plaintiff in state court. (2022 Complaint, ECF No. 1.) Plaintiff alleges that Judge Jeannine Kuzniewski—the presiding judge who ordered "the Marshal" to take "legal possession" of Plaintiff's house—labored under a conflict of interest because she previously worked for the NYSUCS as an attorney. (Id. at 7–8.) Plaintiff also alleges that Judge Kuzniewski—who is not named as a defendant—violated his right to a jury trial. (Id.)

The 2022 Complaint also includes the following allegations under the heading of "Relief":[1]

> Plaintiff Terence C. Powell was denied a trial by jury in a chain conspiracy claim which the plaintiff was misled by serious scientific testing (DNA) that took an inordinate amount of time to debunk scientific fraud. Plaintiff's rights as a father were terminated from this intentional deception. This was a breach of contract of the highest degree. Also common law torts claims such as Conflict of Interest, negligence, Deed fraud, Fraud, discrimination under Gina, unconstitutional drug testing, retaliation, false police reports and arrests also malicious prosecution and bad faith, Jury Trial of Right by the 7th Amendment and The 4th Amendment unreasonable search and seizure of my house which I am not in my home to date. Trial by Jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever.

(Id. at 9–10.) The 2022 Complaint does contain not any factual allegations connecting any of the named Defendants to the allegations above.

Plaintiff's Response appears to argue that this Court and the Second Circuit erred in dismissing Plaintiff's 2017 Action.[2] Plaintiff's Response also includes allegations about the state

---

[1] Excerpts from the Complaint and Plaintiff's Response are reproduced here exactly as they appear in the originals. Errors in spelling, grammar, and punctuation have not been corrected or noted.

[2] Plaintiff cannot challenge this Court's December 2018 Order or the Second Circuit's summary order—which affirmed the dismissal of the 2017 Action—in the 2022 Action.

court eviction and Judge Kuzniewski, along with conclusory allegations of an alleged conspiracy concerning the eviction proceeding. Most of these allegations are repetitive of the allegations in the 2022 Complaint. Plaintiff's Response also includes one paragraph concerning the Napiers which states:

> Legally, torts are called civil wrongs. Conspiracy is a continuing offense. The statute of limitations begins to run on the last overt act. Fraud may include an omission of facts or an intended failure to state all the facts. Lying to cover another felony charge will not only result in a false report charge, but also can result in a felony tampering or hindering apprehension charges. If the Defendant's Mr. & Mrs. Kevin Napier falsely accuses Plaintiff Terence Powell of crimes which resulted in me being arrested and losing my job, then the Defendant's Mr. and Mrs. Napier should be held financially liable for defamation. In filing these false report cases, the Defendant's Mr. and Mrs. Kevin Napier could find themselves defending an expensive Civil and Criminal Suit at the same time. National Grid and NYS Unified Court System both violated my 4th Amendment rights, Plaintiff Terence Powell is allowed to file a compliant with federal Court for violation of Civil Rights. There for Defendant's Motion to Dismiss should be denied.

(Plaintiff's Response at 5.)

## II. DISCUSSION

### A. Motions to Dismiss

#### 1. Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)

Federal Rule of Civil Procedure 12(b)(1) requires the dismissal of a claim when there is a "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A case is properly dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss under this Rule 12(b)(1), the Court generally accepts all factual allegations in the complaint as true. Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998).

4

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a pro se plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Mere labels and legal conclusions will not suffice. Twombly, 550 U.S. at 555. In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

When considering a motion to dismiss a pro se complaint, the court must construe the complaint liberally and interpret the complaint "to raise the strongest arguments they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

**2. The Napiers**

The Napiers' motion to dismiss is granted. The 2022 Complaint does not allege any plausible claims against the Napiers.

Additionally, Plaintiff's attempts to relitigate claims against the Napiers are also precluded by the doctrine of res judicata, which is also known as claim preclusion. Pursuant to this doctrine, "'[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)); see also EDP Med. Computer Sys., Inc. v. United States, 480 F.3d 621, 624 (2d Cir. 2007). "The res

5

judicata bar extends to all . . . claims arising out of the same transaction or series of transactions . . ., even if based upon different legal theories or seeking a different remedy." Ricks v. Brown, No. 20-CV-00043, 2020 WL 5628969, at *2 (W.D.N.Y. Sept. 21, 2020) (internal quotation marks and citation omitted).

Res judicata prevents a claim from being relitigated if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiff[ ] or those in privity with [him]; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Soules v. Conn. Dep't of Emergency Servs. & Pub. Prot., 882 F.3d 52, 55 (2d Cir. 2018) (internal quotation marks omitted).

The claims alleged in the 2022 Complaint that Plaintiff previously raised against the Napiers in the 2017 Action are barred by res judicata. Additionally, to the extent Plaintiff seeks to bring different claims against the Napiers based on the facts alleged in his 2017 Complaint, those claims are also barred by res judicata.

Finally, the Court also finds, given Plaintiff's Response, that Plaintiff's claims against the Napiers are frivolous. Plaintiff has not provided any "factual support for each of his claims alleged in the present complaint." (OTSC at 3.) Nor has he established that he has a "good faith belief that he is not bound by the prior decisions of the Eastern District, the Second Circuit and the prior Family Court decisions." (Id. at 3.)

### 3. National Grid

National Grid's motion to dismiss is granted as the 2022 Complaint contains no allegations against National Grid.

The Court also finds that Plaintiff's suit against National Grid is frivolous given the 2022

Complaint and Plaintiff's Response—the latter of which suggests that Plaintiff is attempting to bring claims against National Grid concerning "Drug Tests." (Plaintiff's Response at 4.) National Grid's drug testing of Plaintiff and termination of his employment in 2011 were the subject of Plaintiff's 2017 Complaint and the Court dismissed those claims with prejudice. Accordingly, Plaintiff's apparent attempt to bring claims in the 2022 Action based on that drug testing and his termination is barred by res judicata.

4. **NYSUCS**

NYSUCS's motion to dismiss is granted. NYSCUS is an arm of New York State and is therefore entitled to immunity under the Eleventh Amendment.³ (See December 2018 Order (dismissing NYSUCS on the basis of Eleventh Amendment immunity).) Given the December 2018 Order, the Second Circuit's affirmance, the well-established law on this subject, and the failure of Plaintiff's Response to address this immunity issue, the Court finds that Plaintiff's claims against in the 2022 Complaint against NYSUC are frivolous and vexatious.

B. **Plaintiff's Motion for Default Judgment Against Lab Corp and the Union**

Plaintiff has filed a motion for default judgment against Lab Corp and the Union. Neither party has appeared in this action. As explained below, Plaintiff's motion for default judgment is denied.

When a defendant defaults, the Court accepts all the factual allegations in the complaint "as true and draw[s] all reasonable inferences in its favor." Finkel v. Romanowicz, 577 F.3d 79,

---

³ Plaintiff did not name Judge Kuzniewski as a defendant and has never sought to add her as a defendant. Even if Plaintiff had named her as a defendant, any claims against her would fail. See Raghavendra v. Fenn, No. 16-CV-4118, 2019 WL 4963257, at *3 (E.D.N.Y. Oct. 7, 2019) (explaining how absolute immunity bars damages claims against judges and how under Section 1983 injunctive relief is generally "not available . . . against a judicial officer for acts taken in that official's judicial capacity") (quoting 42 U.S.C. § 1983).

7

84 (2d Cir. 2009). However, the factual allegations in a complaint are sufficient to establish a defendant's liability for a default judgment only if those factual allegations state a plausible claim under the "plausibility" standard set out in Iqbal, 556 U.S. at 678. See Cont'l Indus. Grp., Inc. v. Altunkilic, 788 F. App'x 37, 41 (2d Cir. 2019); TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd., 536 F. App'x 45, 47 (2d Cir. 2013).

While the 2022 Complaint names Lab Corp and the Union as defendants and requests certain monetary relief against them, the Complaint does not plausibly allege that these Defendants are liable for any of the claims mentioned in the 2022 Complaint. In fact, the 2022 Complaint does not identify any conduct involving Lab Corp or the Union. Accordingly, Plaintiff's motion for default judgment is denied.

As Plaintiff failed to allege plausible claims against these two defendants, the Court finds that dismissal of the claims against these two defendants is warranted. See Rossman v. Stelzel, No. 11-CV-4293, 2011 WL 4916898, at *4 (E.D.N.Y. Oct. 13, 2011) ("'When a complaint fails to comply with these requirements [contained in Federal Rule of Civil Procedure 8], the district court has the power, on motion or sua sponte, to dismiss the complaint or to strike such parts as are redundant or immaterial.'" (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995))).

Additionally, given the 2022 Complaint and Plaintiff's Response, the Court finds that these claims are frivolous and vexatious, and that dismissal is also warranted on that basis. See Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363–64 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee"); Vidurek v. Miller, No. 13-CV-4476, 2014 WL 901462, at *12 (S.D.N.Y. Feb. 27, 2014) (sua sponte dismissing frivolous claim alleged by plaintiff—who paid filing fee—against

non-appearing defendant); Rossman, 2011 WL 4916898, at *4 ("[A] district court has the inherent power to dismiss a case, sua sponte, if it determines that the action is frivolous or the court lacks jurisdiction over the matter regardless of whether a plaintiff has paid the filing fee."). The OTSC directed Plaintiff to provide "nonfrivolous legal and factual support for each of his claims alleged in the present complaint." (OTSC at 3.) Plaintiff's Response, however, does not provide any factual support for claims against Lab Corp or the Union.[4]

Accordingly, the Court dismisses the 2022 Complaint as to both Lab Corp and the Union and—given Plaintiff's failure to identify any nonfrivolous claims against either defendant—denies Plaintiff leave to file an amended complaint.

## C. Filing Injunction

District courts have authority to issue a filing injunction when a "plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam) (internal quotations and citations omitted); see also Pandozy v. Tobey, 335 F. App'x 89, 92 (2d Cir. 2009); Williams v. NYC Hous. Auth., No. 06-CV-5473, 2008 WL 5111105, at *5 (E.D.N.Y. Dec. 4, 2008).

In the OTSC, the Court directed Plaintiff to show cause "why the Court should not enter a filing injunction that precludes Plaintiff from filing any action in federal court against the Napiers or any other Defendants named in this action or in Docket Number 17-CV-3632 related to Plaintiff's paternity claims unless he first receives leave of the Court." (OTSC at 1–2.) In

---

[4] The December 2018 Order dismissed Plaintiff's claims against Lab Corp in the 2017 Action with prejudice. Accordingly, any attempt by Plaintiff to raise, in the 2022 Action, claims against Lab Corp involving the testing at issue in the 2017 Action would be barred by res judicata. That is further reason to deny leave to amend here and to dismiss Lab Corp.

9

determining whether a filing injunction is warranted here the Court has considered: (1) the 2017 Action; (2) Plaintiff's litigation conduct in state court, which was recounted in the December 2018 Order; (3) the 2022 Complaint; and (4) Plaintiff's Response. The Court finds that Plaintiff has abused the process of the courts to harass and annoy Defendants with frivolous and vexatious litigation.

**Plaintiff is hereby barred from filing any action in the Eastern District of New York against the Napiers or any other Defendants named in the 2022 Action or in the 2017 Action related to Plaintiff's paternity claims unless he first receives leave of the Court. The Court notes that all the claims involving the Napiers alleged in the 2022 Complaint or referenced in Plaintiff's Response qualify as "related to Plaintiff's paternity claims," including, but not limited to, Plaintiff's allegations of fraud, defamation, false arrest, and malicious prosecution.**

**Pursuant to this filing injunction, Plaintiff must follow the procedures set out below:**

**(a) Any request for this Court's approval to file a pleading covered by this filing injection must not exceed three (3) pages in length and must include a copy of Plaintiff's proposed pleading;**

**(b) Any request for approval must explain why Plaintiff's proposed pleading: (1) is not barred by <u>res judicata</u>; (ii) is not frivolous and vexatious; and (iii) states a plausible claim. The Court may deny any request to submit a proposed pleading covered by this filing injunction if the proposed filing: (1) is barred by <u>res judicata</u>; (2) is frivolous or vexatious; or (iii) fails to state a plausible claim;**

**(c) If Plaintiff files such a request for approval to file a pleading with this Court,**

**Plaintiff is precluded from submitting any additional requests for approval to file until this Court rules on the one request for approval pending before it;**

**(d) If the Court denies a request for approval to file a pleading, Plaintiff will be precluded from filing the subject pleading and the subject pleading will be returned to Plaintiff without docketing or further consideration; and**

**(e) If Plaintiff attempts to file any pleading covered by this filing injunction without first seeking the approval of this Court pursuant to the procedures set forth above, the Clerk of Court shall return that document to Plaintiff without docketing or consideration.**

Plaintiff is also warned that if he files any further frivolous or vexatious claims concerning any other subjects, the Court will direct him to show cause why a broader filing injunction should not be entered against him.

### III. CONCLUSION

The Court dismisses Plaintiff's claims against all Defendants and imposes the filing injunction set forth above.

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal in forma pauperis, such status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall mail a copy of this Order to the Napiers.

**SO ORDERED**.

Dated: March 26, 2024
Central Islip, New York

/s/ (JMA)
Joan M. Azrack
United States District Judge

11